NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| HYSHON CANNON, | : | |
| Plaintiff, | : | Civil No. 13-6956 (JBS) |
| v. | : | |
| B. FOSTER, et al., | : | **OPINION** |
| Defendants. | : | |

**APPEARANCES:**

Hyshon Cannon, *Pro Se*
# 139191C
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302

**SIMANDLE, Chief Judge**

Plaintiff, Hyshon Cannon, confined at the South Woods State Prison, Bridgeton, New Jersey, submitted a civil Complaint alleging violations of his constitutional rights and an application to proceed *in forma pauperis* ("IFP"). Based on the submissions, the Court will grant Plaintiff's application pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

The Court must now review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) to determine whether it should be

dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that Plaintiff's Complaint should be dismissed for failure to state a claim.

## BACKGROUND

The following facts are ascertained from Plaintiff's "Statement of Claims" attached to his Complaint.

Plaintiff states that in 2009, he was a pretrial detainee at the Camden County Jail. At some point in August or September of 2009, Plaintiff alleges that he was assaulted by Defendant Officer Foster during a count after asking to speak with the Officer's Superior concerning visitation. Plaintiff asserts that he was choked and kneed in the neck area, and "delivered undeserved blows to [his] body." Another officer came to his aid and Plaintiff was sent to the medical department. Jail staff reviewed the surveillance video of the incident, and it was determined that Plaintiff had done nothing wrong.

Plaintiff was interviewed by Internal Affairs and told that he would be contacted by the Camden County Prosecutor's Office concerning the assault. To date, he is still waiting to be interviewed by the Prosecutor's Office.

Plaintiff filed no administrative remedies, and filed this

complaint in September of 2013, approximately four years after the assault. He seeks monetary relief.

## DISCUSSION

**1. Standards for a *Sua Sponte* Dismissal**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e) and § 1915A because Plaintiff is a prisoner and is proceeding as an indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for failure

3

to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

2. **Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

> by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

3.  **Plaintiff's Complaint is Unexhausted and Time-Barred.**

No action may be brought by a prisoner with respect to prison conditions unless the prisoner has exhausted available administrative remedies. *See* 42 U.S.C. § 1997e(a). Specifically, 42 U.S.C. § 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

"[T]he ... exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). Although failure to exhaust is an affirmative defense which must be pled by the defendant, a district court has inherent power

5

to dismiss a complaint which facially violates this bar to suit. *See Ray v. Kertes*, 285 F.3d 287, 293 n.5 (3d Cir. 2002); *Nyhuis v. Reno*, 204 F.3d 65 (3d Cir. 2000).

The Third Circuit observed in *Nyhuis*, however, that an inmate may satisfy § 1997e(a) through substantial compliance. "Without embellishing—for the case law in the area will have to develop—we note our understanding that compliance with the administrative remedy scheme will be satisfactory if it is substantial." *Nyhuis*, 204 F.3d at 77-8; see also *Veteto v. Miller*, 794 F .2d 98, 99-100 (3d Cir. 1986) (vacating *sua sponte* dismissal based upon failure to exhaust BOP's Administrative Remedy Program where prisoner alleged that he had "repeatedly requested administrative remedies" from the defendants with no response or success, and remanding to enable plaintiff "to amend his complaint so as to supply more specific facts on this subject and to enable the court to hold a preliminary hearing, if needed").

Here, Plaintiff plainly states outright that he did not exhaust administrative remedies. (Complt., ¶ 5, marking "No" in response to "I previously have sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in the Statement of Claims on page 6."). As an explanation for his failure to exhaust, Plaintiff states that Internal Affairs contacted him and advised him that he "would be contacted by the

Camden County Prosecutor's Office for possible criminal charges to be filed against the Officer Defendants directly involved in the assault." (Complt., ¶ 5 (cont'd)). As of the date of the Complaint, the Prosecutor's Office had yet to contact him.

Besides being unexhausted, Plaintiff's complaint is untimely. Failure to meet the limitations period is an affirmative defense that must generally be pleaded and proved by the defendants. *See Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) (statute of limitations on civil rights claim is an affirmative defense). While a plaintiff is not required to plead that the claim has been brought within the statute of limitations, *Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002), the Supreme Court observed in *Jones v. Bock*, 549 U.S. 199, 215 (2007), that if the allegations of a complaint, "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." Recently, the Court of Appeals for the Third Circuit reviewed the timeliness of a § 1983 complaint and held that: "Although the statute of limitations is an affirmative defense, *sua sponte* dismissal is appropriate when 'the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" *Cruz v. SCI-SMR Dietary Services*, -- F. App'x --, 2014 WL 1758901 at *1 (3d Cir. May 5, 2014)(quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006))(other citations omitted).

The statute of limitations on civil rights claims is governed by New Jersey's two-year limitations period for personal injury. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010); *O'Connor v. City of Newark*, 440 F.3d 125, 126-27 (3d Cir. 2006). This statute requires that "an action for an injury to the person caused by a wrongful act, neglect, or default, must be convened within two years of accrual of the cause of action." *Cito v. Bridgewater Township Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989) (quoting *Brown v. Foley*, 810 F.2d 55, 56 (3d Cir. 1987)).

"Accrual is the occurrence of damages caused by a wrongful act.... [T]he tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages." *Dique*, 603 F.3d at 185-86 (citations and internal quotation marks omitted); *see also Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998) ("the limitations period begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action"); *Sameric Corp. of Del., Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998) ("A [§ ] 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which [his] action is based.").

Here, Plaintiff does not give the exact date of the assault

against him, only stating that it occurred in 2009. Plaintiff did not sign the instant complaint until September of 2013, well past the limitations period.

Plaintiff's complaint illustrates that he is aware that he has not exhausted his administrative remedies and is filing beyond the limitations period; however, he asks this Court to excuse these gatekeeping requirements, stating:

> Unfortunately, it wasn't until I came to prison that I was made aware by a paralegal that I could seek a remedy in which relief may be granted via [42 U.S.C § 1983]. So I plead to the Court to be understanding of my "excusable neglect" for lacking a superior knowledge of the law and Rules that govern the Court and also consider the merit of the claim and the relief that is sought from a person who has suffered an injustice because an unjust law carries with it a duty of disobedience. Respectfully, I ask that the District Court not dismiss my claim with prejudice because I am out of time on the two year statute of limitation.

New Jersey statutes set forth certain bases for "statutory tolling." *See, e.g.*, N.J.S.A. § 2A:14-21 (detailing tolling because of minority or insanity); N.J.S.A. § 2A 14-22 (detailing tolling because of nonresidency of persons liable). New Jersey law permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective

pleading or in the wrong forum. *See Freeman v. State*, 347 N.J. Super. 11, 31 (citations omitted), *certif. denied*, 172 N.J. 178 (2002). "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." *Id.*

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine. *See Lake v. Arnold*, 232 F.3d 360, 370 (3d Cir. 2000). Under federal law, equitable tolling is appropriate in three general scenarios:

> (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

*Lake*, 232 F.3d at 370 n.9 (citation omitted).

In this case, Plaintiff has not been misled by a defendant as to the cause of action or filed in the wrong forum, nor has Plaintiff been prevented from filing the instant complaint. Rather, Plaintiff was not aware of the option of filing the complaint, and/or waited based on the directive by Internal Affairs that the Prosecutor's Office would be contacting him.

Unfortunately for Plaintiff, "[f]ederal courts have typically

extended equitable [tolling] relief only sparingly." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). "Procedural requirements ... for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Hedges v. United States*, 404 F.3d 744, 753 (3d Cir. 2005)(citation omitted). Indeed, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Id.* "[I]gnorance, inexperience and *pro se* status ... do not toll the statute of limitations." *Huertas v. City of Philadelphia*, 188 F. App'x 136, 138 (3d Cir. 2006)(citations omitted), *cert. denied*, 549 U.S. 1279 (2007). Here, the Court cannot see any legitimate basis to grant the extraordinary relief of equitably tolling Plaintiff's time limit for filing his § 1983 claim. Accordingly, Plaintiff's complaint must be dismissed.

## CONCLUSION

For the reasons stated above, Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted.  An appropriate Order follows.

*s/ Jerome B. Simandle*
JEROME B. SIMANDLE, Chief Judge
United States District Court

Dated: **July 14, 2014**